IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMMIE M. GARCIA, # 675975,<br>   Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:15-CV-0669-D-BK |
| GARY FITZSIMMONS, et al.,<br>   Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

  Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *pro se* complaint, alleging civil rights violations under 42 U.S.C. § 1983, was automatically referred to the United States Magistrate Judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

  On February 23, 2015, Plaintiff, a state inmate, filed a complaint naming as defendants Dallas County District Clerk Gary Fitzsimmons, District Attorney Craig Watkins, Writ Master Celia S. Sams, and Judge Earnest White. [Doc. 3 at 3]. He asserts that Defendants "falsely accused" him of filing "subsequent writs of habeas corpus," under TEX. CODE CRIM. P. art. 11.07, and recommended that he "be procedurally barred from filing anymore writs." [Doc. 3 at 4, 8]. Having exhausted his state court remedies, Plaintiff states that he is now "bringing [this] claim for false imprisonment, irreparable damages, emotional distress, mental anguish, punitive damages, general damages, and loss of wages." [Doc. 3 at 8]. He maintains that he never filed

any of the prior state applications or writs and that he is entitled to monetary relief against the Defendants in both their individual and official capacities.[1]  [Doc. 3 at 8-9].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

A review of the Dallas County website and the Texas Court of Criminal Appeals ("TCCA") website as well as the electronic state habeas court record (obtained from the TCCA) reflects the filing of four state habeas applications.  On January 27, 1994, Attorney Carl Allen McNeil filed the first state application on Petitioner's behalf, challenging the revocation of his

---

[1] Contemporaneously with this action, Plaintiff submitted a federal habeas petition, challenging his underlying conviction in Cause No. F92-46299, and claiming the indictment was defective and counsel rendered ineffective assistance of counsel. *See Garcia v. Stephens*, No. 3:15-CV-0792-D-BH (N.D. Tex. 2015) (awaiting compliance with order to pay filing fee).   Both actions were initially filed in the Amarillo Division and then transferred to this Court.

deferred adjudication probation.[2]  *See* Writ No. W92-46299-A.  The TCCA denied that application without written order.  *Ex parte Garcia*, No. WR-26,543-01 (Tex. Crim. App. Jun. 8, 1994).  Then, on June 17, 2002, while confined at the Torres Unit, Plaintiff filed a *pro se* state application, contesting the revocation of his mandatory supervised release in November 2001.  *See* Writ No. W92-46299-B.  The TCCA again denied the application without written order on the trial court's findings without a hearing.  *Ex parte Garcia*, No. WR-26,543-02 (Tex. Crim. App. Dec. 4, 2002).  On November 5, 2004, Plaintiff submitted a second application disputing once more the revocation of his mandatory supervised release, s*ee* Writ No. W92-46299-C, but the TCCA dismissed the application as a subsequent writ.  *Ex parte Garcia*, No. WR-26,543-03 (Tex. Crim. App. Mar. 16, 2005).  Lastly, on July 22, 2014, Plaintiff filed a fourth application, challenging his underlying conviction on the grounds that the indictment was defective and that counsel had rendered infective assistance of counsel.  *See* Writ No. W92-46299-D.  The Texas Court of Criminal Appeals dismissed that application as a subsequent writ.  *See Ex parte Garcia*, No. WR-26,543-04 (Tex. Crim. App. Feb. 11, 2015).[3]

Plaintiff now seeks redress for alleged civil rights violations under 42 U.S.C. § 1983.  However, he has not stated any constitutional violation.  *See* West v. Atkins, 487 U.S. 42, 48 (1988) (to pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law).  His bare allegations of "false imprisonment" and "emotional distress" do not rise to the level of a constitutional violation,

---

[2] The Court refers to the state applications by the date of filing in the state trial court, not the date on which they were received by the TCCA as noted in Plaintiff's complaint.

[3] Contrary to Plaintiff's assertions, none of his state habeas applications were filed in or ruled on by the Fifth District Court of Appeals at Dallas.  [Doc. 3 at 10].  As such, no record of his state writs is available from that court.

especially since the state court record confirms the filing of his prior state writs.  [Doc. 3 at 8]. Moreover, Plaintiff can present any discrepancies regarding his earlier state applications in his pending federal habeas action.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

SIGNED March 12, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE