IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMMIE M. GARCIA, # 675975, | § | |
| Plaintifff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15:CV-0669-D |
| | § | |
| GARY FITZSIMMONS, et al., | § | |
| Defendants. | § | |

## ORDER OF RE-REFERENCE

The United States Magistrate Judge recommends in her March 12, 2015 findings, conclusions, and recommendation that this action is summarily dismissed with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and that the dismissal count as a strike under 28 U.S.C. § 1915(g).  Underlying the conclusion that the action is frivolous—and, presumably, that plaintiff should not be given an opportunity to amend his complaint before the action is dismissed with prejudice—is a review of the Dallas County website, the Texas Court of Criminal Appeals ("TCCA") website, and the electronic state habeas court record (obtained from the TCCA) reflecting that plaintiff has filed four state habeas applications.  *See* FCR 3-4 ("His bare allegations of 'false imprisonment' and 'emotional distress' do not rise to the level of a constitutional violation, especially since the state court record confirms the filing of his prior state writs.").  But in his objections to the magistrate judge's findings, conclusions, and recommendation, plaintiff disputes that he filed the habeas petitions.  And he separately moves for discovery, and seeks to serve interrogatories and requests production of documents, for purposes of establishing that he did not file all of the habeas petitions in question.

Although the court agrees with the magistrate judge that plaintiff's complaint is insufficient to plead a constitutional violation—and the court may later adopt a recommendation for

dismissal—the court declines to enter a summary dismissal that would count as a strike under 28 U.S.C. § 1915(g). Instead, the court concludes that this case should be re-referred to the magistrate judge for further proceedings, which may include determining whether leave to amend should be granted and whether continued reliance should be placed on the record of state habeas filings (unless, after plaintiff is afforded a reasonable opportunity to challenge the accuracy of the records on which such reliance is placed, it is determined that the records are accurate).

**SO ORDERED**.

May 27, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE