**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SAMMIE M. GARCIA, # 675975, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:15-CV-0669-D-BK |
| | § | |
| GARY FITZSIMMONS, et al., | § | |
| Defendants. | § | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *pro se* complaint, alleging civil rights violations under 42 U.S.C. § 1983, was automatically referred to the United States Magistrate Judge.  The undersigned granted Plaintiff's motion to proceed *in forma pauperis* and recommended that the complaint be summarily dismissed as frivolous.  Doc. 8; Doc. 9.  On May 27, 2015, the case was re-referred in light of Plaintiff's objections that, contrary to the Magistrate Judge's findings, he had not filed a prior state habeas petition.  Doc. 15 at 1.  The order of re-reference suggested further proceedings to determine whether leave to amend should be granted, and whether the Court should rely on the record of state habeas filings if Plaintiff was not first afforded a reasonable opportunity to challenge the accuracy of the record.  Doc. 15 at 2.  Upon further review, the undersigned has determined that neither issue need be addressed because the Court lacks jurisdiction under the *Rooker-Feldman* doctrine.  Accordingly, for the reasons that follow, this case should be summarily dismissed without prejudice for want of jurisdiction.

## I. BACKGROUND

On February 23, 2015, Plaintiff, a Texas state prisoner, filed the instant complaint naming as defendants former Dallas County District Clerk Gary Fitzsimmons, former District Attorney Craig Watkins, Writ Master Celia S. Sams, and Judge Earnest White.  Doc. 3 at 3.  His

claims arise from the state court's dismissal of a previous state habeas application in which he challenged the Dallas County conviction for delivery of a controlled substance for which he is currently serving a 35-year prison term in Case No. F92-46299.[1]  Doc. 18 at 1.

Plaintiff avers that on December 1, 2014, Judge Ernest White adopted the findings of Writ Master/Magistrate Celia M. Sams, recommending that his state habeas application, No. W92-46299-D, be dismissed as a "subsequent application" under TEX. CODE CRIM. PROC. ART. 11.07, and that the Texas Court of Criminal Appeals ("TCCA") subsequently adopted the trial court's findings.  Doc. 3 at 8, and 13-18 (for copies of state court orders); Doc. 18 at 2.  Plaintiff argues, however, that Defendants have "falsely accused" him of filing "subsequent writs of habeas corpus" under TEX. CODE CRIM. P. art. 11.07, and recommended that he "be procedurally barred from filing anymore writs."  Doc. 3 at 4, 8.  Plaintiff maintains that he never filed any of the prior state applications or writs mentioned in the state court decisions, and that he is entitled to monetary relief against the Defendants in both their individual and official capacities "for false imprisonment, irreparable damages, emotional distress, mental anguish, punitive damages, general damages, and loss of wages due to [ ] negligence."  Doc. 3 at 8-9.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction.  It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action.  *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322,

---

[1] Contemporaneously with filing this action, Plaintiff also filed a federal habeas petition, challenging his underlying conviction in Cause No. F92-46299.  *See Garcia v. Stephens*, No. 3:15-CV-0792-D-BH (N.D. Tex. Jun. 24, 2015) (pending reviewing of findings and recommendation of the magistrate judge that habeas petition be dismissed as barred by the statute of limitations).

324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action.").

Although federal courts unquestionably have jurisdiction over claims under section 1983,

"litigants may not obtain review of state court actions by filing complaints about those actions in

lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691

(5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine,[2] "'federal district courts, as courts of

original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state

courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18

F.3d 315, 317 (5th Cir. 1994)). The *Rooker-Feldman* "jurisdictional bar is not limited to actions

in federal court that explicitly seek review of a state court decision, but also extends to those 'in

which the constitutional claims presented . . . are inextricably intertwined with the state court's

grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish,

C.J.) (quoting *Hale*, 786 F.2d at 691). Moreover, errors in state cases should be reviewed and

settled through the state appellate process. *Rooker*, 263 U.S. at 415. The United States Supreme

Court, through a writ of certiorari, is the only federal court permitted to review state court

decisions. *Weekly*, 204 F.3d at 615.

Plaintiff's claim for false imprisonment, "stripped to essentials, is an attack on the

judgment of the state [ ] court," namely the court's order dismissing his state habeas application.

*Liedtke*, 18 F.3d at 318. Plaintiff invites this Court to re-examine the factual basis of that order –

whether Plaintiff had previously filed a state habeas -- which this Court simply "may not do."

*Feldman*, 460 U.S. at 482 n. 16; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

---

[2] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Moreover, this section 1983 action arises from Plaintiff's state habeas proceeding and, thus, is "'inextricably intertwined' with that judgment." *Liedtke*, 18 F.3d at 318. *See Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) ("[a] state court judgment is attacked for purposes of *Rooker-Feldman* when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment.").

Thus, Plaintiff's only avenue of recourse is through the United States Supreme Court, "he cannot file a complaint in the federal district court challenging the state court's judgment." *Moore v. Texas Court of Criminal Appeals*, 561 Fed. Appx. 427, 431 (5th Cir. 2014) (holding court lacked jurisdiction under *Rooker-Feldman* doctrine over section 1983 suit against CCA and its sitting judges alleging that defendants violated the plaintiff's due process rights when they failed to fairly and impartially review his state habeas petition). Consequently, this action should be dismissed for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** without prejudice for want of jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

SIGNED July 23, 2015.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE